IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DALE MICHELE STINGLEY                                                        PLAINTIFF

VS.                                                     CIVIL ACTION NO. 3:18-cv-656-FKB

MAC HAIK CHRYSLER JEEP
DODGE RAM and MAC HAIK
ENTERPRISES                                                                  DEFENDANTS

## **ORDER**

On March 30, 2021, this court granted summary judgment on all of Plaintiff's claims save one—her claim that she was subjected to a hostile work environment based upon her sex.  Defendants have now filed a motion for reconsideration of that ruling. The Court finds that the motion is without merit and should be denied.

To succeed on a hostile work environment claim, a plaintiff must establish (1) that she belongs to a protected group; (2) that she was subjected to unwelcome harassment; (3) that the harassment was based upon her protected status; and (4) that the harassment affected a term, condition, or privilege of employment. *Matherne v. Ruba Mgmt.*, 624 F. App'x 835, 839 (5th Cir. 2015).  The Court took it as established that the first two prongs were satisfied.  As to the third prong, the Court observed that Defendants had not challenged Plaintiff's contention that her harassment had been based upon her sex.  Therefore, the Court focused on the fourth prong and found that there existed a factual issue as to whether the harassment was severe or pervasive enough to have affected a term, condition, or privilege of Plaintiff's employment.

In their motion for reconsideration, Defendants dispute the Court's statement that they had not challenged Plaintiff's allegation that Defendants' actions against her were taken because of her sex, and they have attempted to argue that the Court erred in its conclusions on this issue.

It is true that in their brief in support of the summary judgment motion, Defendants argued that the two incidents of physical touching of which Plaintiff complains were not, and could not reasonably have been perceived to be, sexual in nature.  That may be, but Defendants did not address the broader issue of whether the totality of harassment of which she complains was *based upon her sex*. "The 'critical issue' in determining whether workplace activities constitute harassment based on sex is 'whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.'"  *Reine v. Honeywell Int'l*, 362 Fed. App'x 395, 397 (5th Cir. 2010) (quoting *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (1998)).  Plaintiff's allegation is that all of the actions identified by her as constituting harassment, including being yelled at, being unfairly reprimanded, and being denied recognition, were taken because she was female, and her sworn statements indicate that male employees were not subjected to this same kind of treatment.  Defendants have failed to counter Plaintiff's argument and evidence and have failed to meet their burden of showing the absence of a factual dispute on this issue.

Defendants also argue in their motion that the acts of which Plaintiff complains were not severe or pervasive enough to constitute a hostile work environment.

Defendants have brought nothing new to this argument, which was thoroughly briefed in

support of the motion for summary judgment, and the Court finds no reason to

reconsider its conclusions as to prong four.

      The motion for reconsideration is denied.

      So ordered, this the 26th day of May, 2021.

                      s/ F. Keith Ball_____
                      United States Magistrate Judge